1   GREGORY P. DRESSER (CA SBN 136532)
    gdresser@mofo.com
2   WENDY M. GARBERS (CA SBN 213208)
    wgarbers@mofo.com
3   MORRISON & FOERSTER LLP
    425 Market Street
4   San Francisco, California  94105-2482
    Telephone: 415.268.7000
5   Facsimile: 415.268.7522

6   Attorneys for Plaintiff
    BRENDA FULLER

7

8                  UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                 SAN FRANCISCO DIVISION

11                                    C 07      4957

12  BRENDA FULLER,                         Case No.

13                Plaintiff,               **COMPLAINT**

14        v.                               JURY TRIAL REQUESTED

15  ASSOCIATION LIEN SERVICES, INC., ALS
    LIEN SERVICES and KNOWLAND PARK
16  TOWNHOUSE CONDOMINIUM
    ASSOCIATION,
17
                  Defendants.
18

19

20                      **INTRODUCTION**

21        1.      This complaint is directed at an unlawful and unfair scheme that Association Lien

22  Services, Inc., and ALS Lien Services (collectively "ALS"), acting in concert with Knowland

23  Park Townhouse Condominium Association (the "HOA") (collectively "Defendants"), have

24  perpetrated to bilk homeowners out of thousands of dollars, under illegal threats of foreclosure.

25        2.      California law is designed to prevent homeowners' associations from using the

26  powerful (and potentially abusive) weapon of foreclosure as a tool to collect modest, past-due

27  sums.  Specifically, section 1367.4 of the California Civil Code prohibits homeowners'

28  associations from utilizing foreclosure as a means of collecting past due assessments until such



COMPLAINT                                                                      1
sf-2386298

1    assessments, "not including any accelerated assessments, late charges, fee and costs of collection,

2    attorney's fees, or interest" exceed $1800.

3          3.     Defendants illegally attempt to avoid the strictures section 1367.4 imposes and to

4    use the threat of foreclosure to secure collection of not only modest, past-due sums, but also

5    significant "collection costs," which ALS unilaterally imposes. The "collections costs" ALS

6    demands are often many times the past due assessments at issue.

7          4.     Defendants attempt to circumvent the protections section 1367.4 affords

8    homeowners by refusing to accept any homeowner payments of HOA dues, both past due and

9    current, unless the homeowner also agrees to pay every cent in "collection costs" that ALS

10   chooses to demand. By refusing to accept payments, Defendants seek to keep homeowner

11   delinquencies mounting, such that they will eventually exceed $1800, enabling Defendants to

12   invoke the powerful weapon of foreclosure.

13         5.     Defendants' scheme is impermissible both under the Declaration of Covenants,

14   Conditions and Restrictions of Knowland Park Townhouse Condominiums ("CCRs") and under

15   the California Code, which forbids Defendants from attempting to circumvent the protections of

16   section 1367.4, by requiring that partial payments "first be applied to the assessments owed."

17   Defendants have no right to refuse homeowner payments.

18         6.     Defendants' scheme to intimidate homeowners into paying excessive sums in

19   order to avoid foreclosure was undertaken with oppression, fraud and malice, as evidenced by the

20   fact that it is directed at individuals who are almost always unrepresented by counsel, unaware of

21   their legal rights, and of limited means.

22                              **PARTIES**

23         7.     Plaintiff Brenda Fuller is a natural person and, at all relevant times, was and is a

24   citizen of California, residing in Oakland, California, at her townhouse in Knowland Park

25   Townhouse Condominiums.

26         8.     Plaintiff is informed and believes that Association Lien Services, Inc., is a

27   corporation, with its principal place of business in Los Angeles, California. Plaintiff is informed

28   and believes that, at the time that ALS made the demand for payment at issue herein, it was a

COMPLAINT                                                                                    2
sf-2386298

1  suspended corporation that could not legally conduct any business in this State. As such, its

2  actions were *per se* illegal.

3      9.    Plaintiff is informed and believes that ALS Lien Services is a corporation, with its

4  principal place of business in Los Angeles, California.

5      10.   The HOA is the homeowner's association responsible for managing Knowland

6  Park Townhouse Condominiums.

7                              **JURISDICTION**

8      11.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

9  § 1331, in that it arises under the Fair Debt Collections Practices Act, 15 U.S.C. §§ 1692, *et seq.*

10      12.   This Court may exercise supplemental jurisdiction over state-law claims pursuant

11  to 28 U.S.C. § 1367(a).

12                              **VENUE**

13      13.   Venue of this action is proper in the Northern District of California pursuant to

14  28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred

15  in this district.

16                        **INTRADISTRICT ASSIGNMENT**

17      14.   Assignment to the San Francisco division is appropriate, as a substantial part of the

18  events giving rise to the claims occurred in Alameda County.

19                          **FACTUAL ALLEGATIONS**

20      15.   Ms. Fuller has been a homeowner at Knowland Park Townhouse Condominiums

21  since June 2004.

22      16.   Up until December 2006, Ms. Fuller timely paid all HOA assessments, as they

23  became due.

24      17.   In the fall of 2006, Ms. Fuller experienced some health problems, which forced her

25  to take a disability leave from her job as a secretary at Morrison & Foerster LLP. Unfortunately,

26  the health problems and resulting absence from employment caused Ms. Fuller to experience

27  some financial difficulty, as well.

28

COMPLAINT                                                                    3
sf-2386298

1    18.    As a result of these difficulties Ms. Fuller fell behind in paying her monthly HOA

2    dues. Specifically, she fell behind on one $225 assessment for the month of December 2006, and

3    four $250 assessments for the months of January, February, March and June 2007, for a total of

4    $1,225. Ms. Fuller has timely tendered all other HOA assessments.

5    19.    The HOA made absolutely no effort to contact Ms. Fuller about the outstanding

6    assessments or to resolve the issue before turning it over to ALS (which claims to have run up

7    hundreds of dollars in collections costs).

8    20.    The first contact Ms. Fuller received regarding the outstanding assessments was a

9    letter dated June 25, 2007, from ALS, a true and correct copy of which is attached as Exhibit A,

10    in which ALS sought $2,114.46, almost double the amount of the outstanding assessments.

11    21.    Ms. Fuller promptly responded to ALS, proposing a repayment plan to resolve the

12    situation, under which Ms. Fuller would remit not only the outstanding assessments, but also the

13    corresponding late fees. A true and correct (unexecuted) copy of Ms. Fuller's July 2, 2007 letter

14    to ALS is attached hereto as Exhibit B. (The original was executed.)

15    22.    By letter dated July 20, 2007, ALS sent Ms. Fuller a contract purporting to

16    "confirm[]" the terms of the agreement Ms. Fuller proposed. The contract ALS drafted is

17    confusing and misleading. A true and correct copy of ALS's July 20 letter is attached hereto as

18    Exhibit C.

19    23.    Accordingly, on July 31, 2007, Ms. Fuller sent ALS another letter, again

20    proposing a repayment plan and requesting participation in the HOA's internal dispute resolution

21    program. A true and correct copy of Ms. Fuller's July 31 letter is attached hereto as Exhibit D.

22    (Despite Ms. Fuller's request, the HOA has failed to schedule an internal dispute resolution

23    program meeting.)

24    24.    ALS responded to Ms. Fuller's July 31 letter by letter dated August 8, 2007, again

25    claiming that "[t]he Board of Directors of the association approved Ms. Fuller's payment plan

26    request," a true and correct copy of which is attached hereto as Exhibit E.

27    25.    In reliance on ALS's representation that her repayment plan had been accepted,

28    Ms. Fuller tendered a check for $1,275 to ALS on August 13, 2007, representing *all of the past*

1     *due monthly assessments*, corresponding late fees, and interest thereon.  A true and correct

2     (redacted) copy of Ms. Fuller's August 13, 2007 letter to ALS is attached hereto as Exhibit F.

3          26.     Without any justification, ALS refused to accept Ms. Fuller's $1,275 payment.  A

4     true and correct (redacted) copy of ALS's August 24, 2007 letter to Ms. Fuller, returning her

5     check, is attached hereto as Exhibit G.

6                              **FIRST CLAIM FOR RELIEF**
       (For Violation of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*,
7                                    Against ALS)

8          27.     Plaintiff realleges and fully incorporates by reference each of the preceding

9     paragraphs as if fully set forth herein.

10         28.     ALS is "debt collector" under the FDCPA.

11         29.     ALS has committed multiple violations of the FDCPA in connection with its

12    attempts to collect from Ms. Fuller, including:

13               a.  attempting to collect amounts that are not authorized by the CCRs or permitted

14                   by law;

15               b.  threatening to take nonjudicial action to effect dispossession of Ms. Fuller's

16                   home, even though the property is exempt by law from such dispossession;

17               c.  threatening to take action that cannot legally be taken;

18               d.  threatening to take action that is not intended to be taken; and

19               e.  using deceptive means to attempt to collect the debt.

20         30.     WHEREFORE, Plaintiff prays for judgment as set forth below.

21                            **SECOND CLAIM FOR RELIEF**
       (For Violation of sections 1367 and 1367.1 of the California Civil Code Against ALS and the
22                                       HOA)

23         31.     Plaintiff realleges and fully incorporates by reference each of the preceding

24    paragraphs as if fully set forth herein.

25         32.     Sections 1367 and 1367.1 of California's Civil Code specify how payments

26    regarding past due homeowner's association assessments are to be treated.

27

28

COMPLAINT                                                                                5
sf-2386298

1    33.    Under these sections of the California Civil Code, "any payments toward [such]

2    debt shall first be applied to the assessments owed, and only after the principal owed is paid in

3    full shall the payments be applied to interest or collection expenses."

4    34.    ALS and the HOA violated sections 1367 and 1367.1 of the California Civil Code

5    by refusing to accept Ms. Fuller's payment of $1,275 at all, and by refusing to apply it to the

6    assessments owed.

7    35.    WHEREFORE, Plaintiff prays for judgment as set forth below.

8

9                    **THIRD CLAIM FOR RELIEF**
                    (For Breach of Contract Against the HOA)

10    36.    Plaintiff realleges and fully incorporates by reference each of the preceding

11    paragraphs as if fully set forth herein.

12    37.    The HOA accepted Ms. Fuller's July 2, 2007 proposal for resolving the past due

13    assessment situation, thereby creating an enforceable contract.

14    38.    Ms. Fuller fully performed under the terms of the contract, tendering all sums due

15    thereunder.

16    39.    The HOA breached its obligations thereunder, causing Ms. Fuller to suffer

17    damages.

18    40.    WHEREFORE, Plaintiff prays for judgment as set forth below.

19

20                  **FOURTH CLAIM FOR RELIEF**
                  (For Breach of Fiduciary Duty Against the HOA)

21    41.    Plaintiff realleges and fully incorporates by reference each of the preceding

22    paragraphs as if fully set forth herein.

23    42.    As a homeowners' association, the HOA owes fiduciary duties to its members,

24    such as Ms. Fuller.

25    43.    The HOA breached its fiduciary duties to Ms. Fuller by:

26            a.    referring Ms. Fuller's account to ALS without first making any effort to

27                  resolve the situation;

28

COMPLAINT                                                                                    6
sf-2386298

1    b.  by abdicating its responsibility to oversee the collection process to ALS and

2         agreeing not to communicate with homeowners, not to accept any payments,

3         and not to exercise any control over the collection process;

4    c.  by failing to have a fair, reasonable and expeditious procedure to resolve

5         disputes in place, as required by section 1363.820 of the California Civil Code;

6         and

7    d.  by treating past due assessments owed by members of the board of directors

8         differently and more favorably than those owed by other HOA members, such

9         as Ms. Fuller.

10   44.   The HOA's breach of its fiduciary duties caused harm to Ms. Fuller.

11   45.   WHEREFORE, Plaintiff prays for judgment as set forth below.

12   WHEREFORE, Ms. Fuller prays for relief as follows.

13   1.   For actual damages against both ALS and the HOA, according to proof;

14   2.   For statutory damages, under 15 U.S.C. § 1692k, against ALS;

15   3.   For punitive damages under California Civil Code section 3294;

16   4.   Costs incurred in maintaining this suit;

17   5.   Attorneys' fees and other costs and disbursements associated with maintaining this

18   action; and

19   6.   For such other and further relief as the Court may deem just and proper.

20

21

22

23

24

25

26

27

28

COMPLAINT                                                                    7

sf-2386298

1

**DEMAND FOR JURY TRIAL**

2

Plaintiff hereby demands a trial by jury as to all claims in this action.

3

4   Dated: September 25, 2007            GREGORY P. DRESSER
                                         WENDY M. GARBERS
5                                        MORRISON & FOERSTER LLP

6

7                                 By:  _Wendy garbers_____

8                                      Wendy M. Garbers

9                                      Attorneys for Plaintiff
                                       BRENDA FULLER

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                                                          8
sf-2386298

# EXHIBIT A

**ALS**
Association
Lien Services

The Assessment Lien Foreclosure Specialists

**ATTORNEY DEMAND LETTER**

VIA CERTIFIED AND REGULAR MAIL

June 25, 2007
Brenda Fuller
10401 Shaw Ave. #202
Oakland, CA  94605

    *Re:   10401 Shaw Ave. #202, Oakland, CA. 94605 - Delinquent Assessments*
          *Knowland  Park Townhouse Condominium Association - Acct: KP202*
          *Dollar Amount Owed: $2,114.46; TS. No. 2007-2233*

Dear Ms. Fuller:

Knowland  Park Townhouse Condominium Association("the Association") has referred your homeowner's association account to Association Lien Services ("ALS") to collect your unpaid regular and/or special assessments.  We are advised that as a result of your delinquency, as of the date of this letter you owe assessments, late fees, interest, and costs of collection in the sum of $2,114.46.  **ADDITIONAL ASSESSMENTS, LATE FEES, INTEREST AND COST OF COLLECTION WILL CONTINUE TO ACCRUE UNTIL THE BALANCE IS PAID IN FULL AND THE AMOUNT OWED WILL INCREASE AS REFLECTED ON THE ACCOUNTING STATEMENTS.**

Enclosed with this letter are two accounting statements which detail how your balance was calculated.  The enclosed accounting statements provide (1) the amount due as of the date of this letter (and may or may not include the Association's late fees as proscribed by the Association's current collection policy) and (2) the amount that will be due within thirty (30) days from the date of this letter.  We have also enclosed a copy of the Association's current collection policy.  Civil Code Sections 1366 and 1367.1 require that you pay all delinquent assessments, late charges, interest and collection costs, including reasonable attorneys' fees in full, to bring your account current.  Should you have any questions regarding the amount owed please contact our office.

Please note that, until your account with ALS is closed, any invoices you receive from your management company or the Association may not include all of the amounts you owe and, therefore, may not reflect the correct amount due.  Please contact this office to make arrangements to pay the total amount owed.  Your Association and/or the Association's management company will not accept any payments from you until your account with ALS is closed.  Your payment must be received by ALS at the Post Office Box listed below no later than July 25, 2007 to avoid further collection action.

If ALS does not receive full payment of all delinquent assessments, late charges, costs of collection, including attorneys' fees and interest, by July 25, 2007, the Board may authorize ALS to record a Notice of Delinquent Assessment Lien ("Lien") against your property.  The Notice of Delinquent Assessment is a lien against your home.  If the Lien is prepared, you will be responsible for paying an additional fee of $350.00, along with any mailing costs, recording and other costs authorized under the Civil Code.  Should you still fail to pay your balance in full, the Board reserves its right to exercise any and all legal remedies available to the Association under applicable law.

To cure your delinquency, YOU MUST PAY THE AMOUNT YOU OWE IN FULL.  PAYMENT MUST BE MADE IN THE FORM OF A CASHIER'S CHECK OR MONEY ORDER MADE PAYABLE TO

Association Lien Services is attempting to collect a debt.  Any information obtained will be used for that purpose.

*Direct all correspondence and payments by mail to our main office*
P.O. Box 64750, Los Angeles, CA  90064-0750
(310) 207-2027 • (800) 825-5510 • Fax (310) 207-5654

Branch Offices in
*Newport Beach:* (949) 476-3789 • *Ventura:* (805) 650-1325
*Inland Empire:* (909) 629-1004 • *San Diego:* (800) 825-5510
*Bay Area:* (925) 838-6370; (800) 838-6370

Ms. Fuller
June 25, 2007
Page 2

ASSOCIATION LIEN SERVICES AND MUST BE SENT TO THE POST OFFICE BOX ADDRESS
BELOW. To make a payment by overnight delivery, please use the Express Mail service offered by the United
States Post Office and send your payment to the post office box address listed below. PERSONAL CHECKS
WILL NOT BE ACCEPTED. You will be charged to return your personal check.

## IMPORTANT NOTICE: IF YOUR SEPARATE INTEREST IS PLACED IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR ASSESSMENTS, IT MAY BE SOLD WITHOUT COURT ACTION.

If the foreclosure process begins, you are legally obligated to pay all fees and costs associated with foreclosure.
Should you fail to pay all delinquent assessments, late charges, costs of collection, including all lien and foreclosure
costs and fees, attorneys' fees and interest, you may lose your property.

You have thirty days (30) from the date you receive this notice to dispute the entire amount of your debt or any
portion thereof. Please note that all disputes must be in writing. If you do not dispute the validity of your debt
within that time, the debt will be deemed valid. If you dispute your debt, you may also submit a written request for
internal dispute resolution ("IDR") pursuant to the Association's "meet and confer" program required in Articles
of Chapter 4 of the Civil Code (commencing with Section 1363.810) to ALS, which will forward it to the
Association. The Association must honor your request for IDR at no cost to you. You may also dispute your
assessment debt by requesting alternative dispute resolution ("ADR") with a neutral third party pursuant to Article
2 (commencing with Section 1369.510) of Chapter 7 of the Civil Code before the Association may initiate
foreclosure against your separate interest, except that binding arbitration shall not be available if the Association
intends to initiate a judicial foreclosure. The parties will share the cost of ADR. Any written requests for ADR to
the Association should be submitted to ALS, which ALS will forward to the Board of Directors of the Association.
In the event you choose to dispute the debt, other than through ADR, and the debt is found to be valid, you may be
charged a fee of $125 to pay for the costs of investigating and verifying the debt. Please be advised that disputing
the debt may not stop the collection process.

You are entitled to inspect the Association's accounting books and records to verify the amount(s) you owe. In the
event you have paid your assessments on time, you will not be responsible for paying any charges, interest, and/or
costs of collection.

If you are unable to pay the amount due in full, you are entitled to make a written request to the Association for a
payment plan. Please send your written payment plan request to ALS and ALS will forward your request to the
Association's Board of Directors and advise you of the Board of Director's decision. You may also request to meet
with the Association's Board of Directors in executive session to discuss a payment plan. All payment plan requests
will be considered by the Board on a case-by-case basis. The Board is not obligated to grant any request for a
payment plan.

Association Lien Services is attempting to collect a debt. Any information obtained will be used for that purpose.

*Direct all correspondence and payments by mail to our main office*
P.O. Box 64750, Los Angeles, CA 90064-0750
(310) 207-2027  •  (800) 825-5510  •  Fax (310) 207-5654

Branch Offices in
*Newport Beach:* (949) 476-3789 • *Ventura:* (805) 650-1325
*Inland Empire:* (909) 629-1004 • *San Diego:* (800) 825-5510
*Bay Area:* (925) 838-6370; (800) 838-6370

Ms. Fuller
June 25, 2007
Page 3

This will not be the first in a series of attorney letters. You will not receive any additional notices other than those required by law. If you have any questions regarding this letter, please contact one of our account managers at the telephone number listed below.

Sincerely,

**ASSOCIATION LIEN SERVICES**

**TRACY NEAL, Attorney at Law**

Enclosures
cc: **Knowland Park Townhouse Condominium Association**

Association Lien Services is attempting to collect a debt. Any information obtained will be used for that purpose.

*Direct all correspondence and payments by mail to our main office*
P.O. Box 64750, Los Angeles, CA 90064-0750
(310) 207-2027 • (800) 825-5510 • Fax (310) 207-5654

Branch Offices in
Newport Beach: (949) 476-3789 • Ventura: (805) 650-1325
Inland Empire: (909) 629-1004 • San Diego: (800) 825-5510
Bay Area: (925) 838-6370; (800) 838-6370

# ASSOCIATION LIEN SERVICES

## Knowland Park Townhouse Condominium Association

Bay Area Property Services

# Statement

**Re:**   *10401 Shaw Ave. #202, Oakland, CA. 94605*
*Acct: KP202*
*TS No. 2007-2233*

**Statement Date:** *6/25/2007*
**Balance Good Through:** *6/25/2007*

| DATE | TRANSACTION | AMOUNT |
|---|---|---|
| | Prior Balance | 808.82 |
| 12/2006 thru 12/2006 | 1 regular assessments @ $225.00 | 225.00 |
| | 1 months of late fees @ $10.00 | 10.00 |
| | Interest @ 10% | 11.75 |
| 1/2007 thru 6/2007 | 6 regular assessments @ $250.00 | 1500.00 |
| | 4 months of late fees @ $10.00 | 30.00 |
| | Interest @ 10% | 31.75 |
| | ALS Attorney Letter Fee | 275.00 |
| | | |
| | Management Company Collection Costs | 250.00 |
| | Postage and Certified Mail Costs | 7.50 |
| | late fees and interest prior to 12/06 | 16.64 |
| | Legal Vesting Verification | 48.00 |
| | TOTAL FEES AND COSTS | 2614.46 |
| | | |
| 4/6/2007 | Prior Payment to Homeowner's Association | (250.00) |
| 5/8/2007 | Prior Payment to Homeowner's Association | (250.00) |
| | TOTAL ALL PAYMENTS | (500.00) |

**Total Due:**   **$2,114.46**

# ASSOCIATION LIEN SERVICES

## Knowland Park Townhouse Condominium Association

### Bay Area Property Services

## Statement

**Re:** *10401 Shaw Ave. #202, Oakland, CA. 94605*
*Acct: KP202*
*TS No. 2007-2233*

*Statement Date: 6/25/2007*
*Balance Good Through: 7/25/2007*

| DATE | TRANSACTION | AMOUNT |
|------|-------------|--------|
| | Prior Balance | 208.82 |
| 12/2006 thru 12/2006 | 1 regular assessments @ $225.00 | 225.00 |
| | 1 months of late fees @ $10.00 | 10.00 |
| | Interest @ 10% | 13.71 |
| 1/2007 thru 7/2007 | 7 regular assessments @ $250.00 | 1750.00 |
| | 5 months of late fees @ $10.00 | 40.00 |
| | Interest @ 10% | 44.58 |
| | ALS Attorney Letter Fee | 275.00 |
| | Management Company Collection Costs | 250.00 |
| | Postage and Certified Mail Costs | 7.50 |
| | late fees and interest prior to 12/06 | 16.64 |
| | Legal Vesting Verification | 48.00 |
| | TOTAL FEES AND COSTS | 2889.25 |
| 4/6/2007 | Prior Payment to Homeowner's Association | (250.00) |
| 5/8/2007 | Prior Payment to Homeowner's Association | (250.00) |
| | TOTAL ALL PAYMENTS | (500.00) |

| | **Total Due:** | **$2,389.25** |
|---|---|---|

# EXHIBIT B

**BRENDA FULLER**
10401 SHAW STREET #202
OAKLAND, CALIFORNIA 94605
TELEPHONE: (510) 633-1075
FACSIMILE: (510) 633-1075

July 2, 2007

U.S. MAIL

Tracy Neal
Association Lien Services
P.O. Box 64750
Los Angeles, California 90064-0750

RE:     Knowland Park Townhouse Condominium Association – Acct: KP202

Dear Ms. Neal:

This letter is in response to your letter of June 25, 2007 regarding my delinquent
homeowner's association account. In late 2006, my primary care physician placed me on
disability for four months. Upon learning of the disability leave, I sought advise about
the possible ramifications of being unable to pay association fees and was, apparently,
erroneously advised that such delinquent fees would be assessed at the time said property
is sold or refinanced. Nor was or am I aware of the Association's delinquent payment
policy which was included with your letter.

In light of the above-mentioned facts and my inability at this time to pay the amount due
in full, I ask the Association to please accept this written request for a payment plan as
follows: One payment of $235 (December 2006 monthly assessment plus $10 late fee)
and four payments of $260 per month (January, February, March and June 2007 monthly
assessment plus $10 late fee) payable per month for the next five months. These
payments will be made in addition to the regular monthly payments. I also ask the
Association to consider the fact that I have regularly paid my homeowner's fee since
moving onto the property in June of 2003 until such time as I was placed on disability
and was misinformed as to the consequences of nonpayment.

I thank the Association in advance for its consideration of my payment terms.

Sincerely,


Brenda Fuller

# EXHIBIT C



**Association
Lien Services**

**The Assessment Lien Foreclosure Specialists**

July 20, 2007

Brenda Fuller
10401 Shaw Ave. #202
Oakland, CA  94605

Re: *Payment Plan / 10401 Shaw Ave. #202*
*Knowland Park Townhouse Condominium Association / Acct: KP202 / TS #: 2007-2233*

Dear Ms. Fuller:

This letter confirms the terms of your agreement with the Association (the "Agreement") to bring your delinquent account current.

By making this Agreement, you understand and agree that your payments(s) will be made directly to Association Lien Services ("ALS"), the Association's agent. You also understand and agree that your payments may be applied first to collection costs, fines, base fees and interest and then to assessments. By entering into this Agreement, you specifically waive the provisions of Civil Code Section 1367.1(a) relating to the application of payments, which states, in pertinent part:

> "any payments toward such a debt shall first be applied to the
> principal owed, and only after the principal owed is paid in full
> shall such payments be applied to interest or collection expenses."

The breakdown of your payments is as follows:

| Amount | Due on or before: |
|--------|-------------------|
| $485.00 | July 31, 2007 |
| $510.00 | August 31, 2007 |
| $510.00 | September 30, 2007 |
| $510.00 | October 31, 2007 |
| $510.00 | November 30, 2007 |
| **Final payment due | December 31, 2007 |

**Your payment will not be applied until you have
signed a copy of this contract.**

**You may fax a copy of this contract to 310-207-5654.**

**\*\*Contact this office before making final payment to confirm the amount due as that amount
may change during the payment plan period.**

These payments will constitute payment of all delinquencies and related charges, including accrued late charges, interest and costs of collection, that you owe to your Association as of the date of your final payment and will include a $125.00 payment plan administration fee. In addition, the payments include the monthly assessments that become due for the duration of the payment plan. No additional late charges will accrue on current assessments that become due during the terms of the payment plan as long as you remain current in your payments. Any special assessments that may be levied by your Association in the upcoming months during the term of the payment plan period are not included and will need to be added to this payment plan.

Association Lien Services is attempting to collect a debt. Any information will be used for that purpose.

*Direct all correspondence and payments by mail to our main office*
P.O. Box 64750, Los Angeles, CA 90064-0750
(310) 207-2027 • (800) 825-5510 • Fax (310) 207-5654

Branch Offices in
*Newport Beach:* (949) 476-3789 • *Ventura:* (805) 650-1325
*Inland Empire:* (909) 629-1004 • *San Diego:* (800) 825-5510
*Bay Area:* (925) 838-6370; (800) 838-6370



**The Assessment Lien Foreclosure Specialists**

Should you fail to pay the amounts due by the dates specified above, the entire remaining amount will become immediately due and owing. If not paid, we will proceed with the collection process. There is no grace period. If payment is received after the due date specified, an additional $30.00 fee will be assessed to the account to cover the costs associated with your failure to make a scheduled payment.

**Your payments must be in the form of a <u>cashier's check</u> or <u>money order</u> and must be made payable to <u>Association Lien Services</u>. Personal checks will not be accepted, except as determined in the discretion of Association Lien Services, in which case, a handling fee may be charged.**

By signing this agreement and returning it to us, you acknowledge that you understand and agree to the terms stated above.

Sincerely,

**ASSOCIATION LIEN SERVICES**

Alvin Okoreeh
Manager - Lien Specialist

cc: Knowland Park Townhouse Condominium Association

Agreed to and Accepted:                                Date:

_____            _____

Association Lien Services is attempting to collect a debt. Any information will be used for that purpose.

*Direct all correspondence and payments by mail to our main office*
P.O. Box 64750, Los Angeles, CA 90064-0750
(310) 207-2027 • (800) 825-5510 • Fax (310) 207-5654

Branch Offices in
*Newport Beach:* (949) 476-3789 • *Ventura:* (805) 650-1325
*Inland Empire:* (909) 629-1004 • *San Diego:* (800) 825-5510
*Bay Area:* (925) 838-6370; (800) 838-6370

# EXHIBIT D

**MORRISON** | **FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA,
ORANGE COUNTY, DENVER
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

July 31, 2007

Writer's Direct Contact
415.268.6664
WGarbers@mofo.com

By Telefacsimile and U.S. Mail

Alvin Okoreeh
Tracy Neal, Esq.
Association Lien Services
P.O. Box 64750
Los Angeles, California 90064-0750

Re:    1041 Shaw Ave. #202 / Knowland Park Townhouse Condominium Association /
       Acct. KP202

Dear Mr. Okoreeh and Ms. Neal:

Our firm represents Ms. Brenda Fuller regarding her dispute with Knowland Park
Townhouse Condominium Association ("Association") concerning the improper fees that
have been assessed in connection with her regular assessments.

The purpose of this letter is to propose a repayment plan and to request participation in the
Association's cost-free internal dispute resolution ("IDR") program, which program is
mandated by sections 1363.810, *et seq.*, of the Civil Code. By letter dated July 2, 2007, Ms.
Fuller previously proposed a repayment plan. Contrary to the requirements of section 1367.1
of the Civil Code and the representations in Ms. Neal's June 25, 2007 letter, this request was
not forwarded to or considered by the Association.

The itemized Statement attached to Ms. Neal's June 25, 2007 letter is not accurate. The only
monthly assessments Ms. Fuller owes are for December 2006 (at $225) and for January,
February, March and June 2007 (at $250; for a total of $1,000), plus the five $10 late fees
associated therewith (total $50). Ms. Fuller is willing to pay this off, with interest at the rate
of 10% (amounting to roughly $100), according to the following schedule:

- August 1, 2007: $250

- September 1, 2007: $250

- October 1, 2007: $250

- November 1, 2007: $250

sf-2364959

**MORRISON | FOERSTER**

Alvin Okoreeh
Tracy Neal, Esq.
July 31, 2007
Page Two

      • December 1, 2007: $375

      **Total Payments: $1,375**[1]

In considering this repayment, please note the following:

- Ms. Fuller fell behind on the HOA assessments as a result of some health problems that required her to go on disability leave. Prior to her unfortunate disability, Ms. Fuller regularly paid her HOA dues.

- The HOA has waived or is estopped from enforcing timely payments of HOA assessments. It was previously the HOA's practice not to require repayment of delinquent HOA assessments until the property was sold or refinanced.

- Pursuant to the paragraph 4.6 of the CCRs, the HOA is only entitled to recover "*reasonable attorneys' fees and costs*" incurred in connection with collecting past due assessments. (Emphasis added.) The $250 "Management Company Collection Costs," $275 "ALS Attorney Letter Fee," and the other fees detailed in the Statement attached to Ms. Neal's June 25, 2007 letter are not reasonable or otherwise authorized by paragraph 4.6.

- Ms. Neal's June 25, 2007 letter represents that Association Lien Services may institute foreclosure proceedings and that Ms. Fuller may thus lose her property. However, as the total of the past due assessments is less than $1,800, section 1367.4 clearly prohibits Association Lien Services from taking this action. The Fair Debt Collections Practices Act forbids false and misleading representations that a debt collector may take action that it is not authorized to take and that a debt collector may take action it does not intend to take. *See* 15 U.S.C. § 1692e.

In light of the fact that Ms. Fuller has proposed a reasonable plan for paying the HOA assessments, any further expenditures by the HOA to recover payment for such assessments would not be reasonable and thus would not be recoverable under the CCRs.

---

[1] Ms. Fuller will continue to pay current HOA assessments, as they become due, while making payments for past-due assessments under the proposed repayment plan.

sf-2364959

**MORRISON | FOERSTER**

Alvin Okoreeh
Tracy Neal, Esq.
July 31, 2007
Page Three


I look forward to a response to the payment proposal and request for IDR at your earliest
convenience.

Sincerely,

Wendy M. Garber, Esq.

# EXHIBIT E




**Association Lien Services**

The Assessment Lien Foreclosure Specialists

August 8, 2007

<u>VIA FACSIMILE (415) 268-7522 & US MAIL</u>
Ms. Wendy M. Garbers, Esq.
Morrison & Foerster
425 Market Street
San Francisco, CA 94105-2482

*Re: Brenda Fuller /1041 Shaw Avenue #202/ Knowland Park Townhouse Condominium Association / ALS TS#2007-2157*

Dear Ms. Garbers:

In response to your letter dated July 31, 2007, Association Lien Services (ALS) responds as follows.

You stated that Ms. Fuller's payment plan proposal was not forwarded to her association for its consideration. *This is not true.* Ms. Fuller's payment plan proposal dated July 2, 2007 was forwarded to the association on July 17, 2007. The Board of Directors of the association approved Ms. Fuller's payment plan request and an agreement to the same was mailed to Ms. Fuller on July 20, 2007. The scheduled payments set forth on the payment plan agreement include the past due amounts together with regular monthly assessments on a going forward basis. To date, Ms. Fuller has not returned an executed payment plan agreement to our offices. I have included a copy of the payment plan agreement for your records.

You also stated that the itemized statement dated June 25, 2007 was inaccurate. *I disagree.* The itemized statement reflects one regular assessment payment due as of December 2006 in the amount of $225.00. It likewise reflects six regular assessment payments less two prior regular assessment payments made for a total of four regular assessment payments due. In addition, interest accrues at 10% per annum and there are late fees due for five months. Ms. Fuller also owes the association the reasonable costs of collections. Please point wherein the itemized statement dated June 25, 2007 reflects anything to the contrary.

ALS is aware of the mandates of the Fair Debt Collection Practices Act as well as California Civil Code and has not made any representations that run afoul of either. Pursuant to California Civil Code sec. 1367.4, when the amount of delinquent assessments secured by the association's lien exclusive of any accelerated assessments, late charges, fees and costs of collection, attorney's fees or interest equals or exceeds $1800.00 or the assessments are more than 12 months delinquent Ms. Fuller's association may utilize nonjudicial foreclosure and Ms. Fuller may thus lose her property.

---

Direct all correspondence and payments by mail to our main office
P.O. Box 64750, Los Angeles, CA 90064-0750
(310) 207-2027 • (800) 825-5510 • Fax (310) 207-5654
ALS is a division of Swedelson & Gottlieb

Branch Offices in
Newport Beach: (949) 476-3789 • Ventura: (805) 650-1325
Inland Empire: (909) 629-1004 • San Diego: (800) 825-5510
Bay Area: (925) 838-6370; (800) 838-6370

**ASSOCIATION LIEN SERVICES**
August 8, 2007

I do not intend to debate the reasonableness of the management company's fees nor ALS's fees wherein you have not provided anything to suggest that the fees charge are not consistent with fees charged in this industry.

The request for IDR you made on behalf of Ms. Fuller has been forwarded to the association and you should be contacted shortly hereafter to participate in the requested IDR.

Thank you for your attention to this matter.

Cordially,

**ASSOCIATION LIEN SERVICES**

Tracy Neal
Attorney at Law

enclosures

cc: Knowland Park Townhouse Condominium Association

# EXHIBIT F

MORRISON | FOERSTER

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA,
ORANGE COUNTY, DENVER
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

August 13, 2007

Writer's Direct Contact
415.268.6664
WGarbers@mofo.com

By Telefacsimile and U.S. Mail

Tracy Neal, Esq.
Association Lien Services
P.O. Box 64750
Los Angeles, California 90064-0750

Re:    1041 Shaw Ave. #202 / Knowland Park Townhouse Condominium Association /
       Acct. KP202

Dear Ms. Neal:

Thank you for your letter of August 8.

We were pleased to learn that the Board of Directors of the Home Owner's Association has
accepted the repayment plan proposed by Ms. Fuller in her letter of July 2. I enclose an
agreement consistent with Ms. Fuller's July 2 proposal, which has been executed by Ms.
Fuller. I also enclose Ms. Fuller's payment of $1275 thereunder—representing all sums due
under the agreement. Please send me back a fully executed copy of the agreement, once the
HOA has signed it.

As contemplated by her July 2 repayment proposal, Ms. Fuller will continue to make current
HOA payments directly to the HOA. There is no basis upon which ALS can insist that
current payments be made to it. Accordingly, we are returning the check ALS issued to Ms.
Fuller.

Thank you for your attention to this matter, and please feel free to contact me with any
questions or concerns.

Sincerely,

Wendy M. Garbers

sf-2371614

## AGREEMENT FOR PAYMENT OF PAST DUE HOA ASSESSMENTS

Brenda Fuller, 10401 Shaw Street #202, Oakland, California 94605 ("Ms. Fuller"), and Knowland Park Townhouse Condominium Association ("HOA") hereby enter into the following agreement concerning repayment of past due HOA assessments, specifically assessments for the months of December 2006, January, February, March and June 2007.

- Ms. Fuller shall pay the HOA a total of $1275, representing $225 for the month of December 2006; $250 a month for the months of January, February, March and June 2007; and five corresponding $10 late payment charges.

- The aforementioned payments shall be made according to the following schedule:

  August, 2007:  $235

  September 1, 2007:  $260

  October 1, 2007:  $260

  November 1, 2007:  $260

  December 1, 2007:  $260.

- Ms. Fuller shall remit the aforementioned payments to Association Lien Services, P.O. Box 64750, Los Angeles, CA 90064, agent of the HOA.

This written Agreement For Payment Of Past Due HOA Assessments ("Agreement") contains the entire agreement between the parties to the Agreement regarding Ms. Fuller's liability for past due HOA assessments, namely assessments for the months of December 2006, January, February, March and June 2007, to HOA or any of its successors, assigns, agents, employees, or attorneys. After making the payments due hereunder, Ms. Fuller will have no further liability with respect to the aforementioned past due HOA assessments, including, without limitation, liability for any collection or other costs, attorneys' fees, interest, fees of a like or similar nature, etc.

sf-2371774                                      1

No promise, inducement or agreement not herein expressed has been made. Each of the parties to the Agreement has carefully read and understands the contents of this Agreement and signs same as their own free act.

This Agreement shall be construed and enforced in accordance with the laws of the State of California.

The parties hereto have executed this Agreement in multiple originals, all of which together shall for all purposes be deemed an original.

BRENDA FULLER

*Brenda Fuller*

Date: __8/13/07__

KNOWLAND PART TOWNHOUSE CONDOMINIUM ASSOCIATION

By: _____

Name: _____

Title: _____

Date: _____

APPROVED AS TO FORM

ASSOCIATION LIEN SERVICES
Attorneys for KNOWLAND PART TOWNHOUSE CONDOMINIUM ASSOCIATION

By: _____
        Tracy Neal

MORRISON & FOERSTER LLP
Attorneys for BRENDA FULLER

By: _____
        Wendy M. Garbers

**REDACTED**



# EXHIBIT G

**Association Lien Services**
**ALS**

The Assessment Lien Foreclosure Specialists

August 24, 2007

Brenda Fuller
Morrison & Foerster LLP
c/o Wendy M. Garbers, Esq.
425 Market Street
San Francisco, CA  94105

    Re: *Personal Check Return*
       *10401 Shaw Ave. #202, Oakland, CA. 94605*
       *Knowland  Park Townhouse Condominium Association*
       *Acct: KP202  /  TS # 2007-2233*

Dear Ms. Fuller:

Enclosed please find your personal check(s) which we are returning to you as it is not sufficient to cure the delinquency on your account.  In order to cure your delinquency, all payments must be in the form of a **cashier's check or money order** and made payable **in full** to Association Lien Services.

Please contact this office to verify the current amount due prior to making your payment.

Sincerely,

ASSOCIATION LIEN SERVICES

Alvin Okoreeh
Manager-Lien Specialist

Enclosure(s)

cc:  Knowland  Park Townhouse Condominium Association

Association Lien Services is attempting to collect a debt.

*Direct all correspondence and payments by mail to our main office*
P.O. Box 64750, Los Angeles, CA 90064-0750
(310) 207-2027  •   (800) 825-5510  •  Fax (310) 207-5654

Branch Offices in
*Newport Beach:* (949) 476-3789 • *Ventura:* (805) 650-1325
*Inland Empire:* (909) 629-1004 • *San Diego:* (800) 825-5510
*Bay Area:* (925) 838-6370; (800) 838-6370



No. 17039

ASSOCIATION LIEN SERVICES
CLIENT TRUST ACCOUNT
11900 WEST OLYMPIC BLVD., SUITE 1900
LOS ANGELES, CA 90064

UNION BANK OF CALIFORNIA
LOS ANGELES BUSINESS BANKING
DEPOSITS #224
LOS ANGELES, CA 90071
16-49/1220

7/20/2007

PAY TO THE
ORDER OF    Brenda J. Fuller                                    $ **250.00

Two Hundred Fifty and 00/100***********************************************    DOLLARS

Brenda J. Fuller

MEMO
TS 2007-2233 Returned check #4361

# REDACTED